UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

FABIOLA MUNOZ, DOUG LONGHINI,
and CARLOS CUESTA,

    Plaintiffs,
v.

BAYSIDE MARKETPLACE, LLC D/B/A
BAYSIDE MARKETPLACE,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, FABIOLA MUNOZ, DOUG LONGHINI, and CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues BAYSIDE MARKETPLACE, LLC D/B/A BAYSIDE MARKETPLACE, , (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, FABIOLA MUNOZ, is an individual over eighteen (18) years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. Plaintiff, DOUG LONGHINI, is an individual over eighteen (18) years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

6. Plaintiff, CARLOS CUESTA, is an individual over eighteen (18) years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*

7. At all times material, Defendant, BAYSIDE MARKETPLACE, LLC, owned and/or operated a commercial restaurant at 401 Biscayne Blvd, Miami, Florida 33132 (hereinafter the "Commercial Property") and conducted a substantial amount of businesses in the place of public accommodation in Miami-Dade County, Florida. Defendant, BAYSIDE MARKETPLACE, LLC, holds itself out to the public as "Bayside Marketplace."

8. At all times material, Defendant, BAYSIDE MARKETPLACE, LLC, was a Foreign Limited Liability Company, organized under the laws of the State of Delaware.

9. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami-Dade County, Florida, Defendant regularly conduct businesses within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's businesses and property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA.  FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing.

14. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

15. Plaintiff, CARLOS CUESTA, is also an individual with disabilities as defined by and pursuant to the ADA. Plaintiffs is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

16. Defendant, BAYSIDE MARKETPLACE, LLC., owns, operates and/or oversees the Commercial Property, its general parking lot, parking spots and common areas located within the Commercial Property, that is Subject of this Action.

17. The subject Commercial Property and the businesses within are open to the public and located in Miami-Dade County, Florida.

18. Ms. Munoz, Mr. Longhini, and Mr. Cuesta are each staunch advocates of the ADA.

Since becoming aware of their rights, and their repeated infringement, each has dedicated much of his or her life to this cause so that they, and others like them, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

19. They are often frustrated and disheartened by the repetitiveness of the complaints they are forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Ms. Munoz and Mr. Cuesta are accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

20. The individual Plaintiffs visit the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on August 21, 2022, November 15, 2022, November 26, 2022 and November 28, 2022, encountering multiples ADA violations that directly affected their ability to use and enjoy the Commercial Property and the businesses located therein.

21. They often visit the Commercial Property in order to avail themselves of the goods and services offered there, and it is approximately twenty-nine (29) miles from Ms. Munoz' residence, approximately twenty (20) miles from Mr. Longhini's residence and approximately twenty-four (24) miles from Mr. Cuesta's residence. They plan to return to Commercial Property and the businesses located therein within two (2) months from the filing date of the Complaint.

22. Plaintiffs reside nearby in a the same County and the same state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendant's Commercial Property and the Defendant's businesses located within the Commercial Property for the intended purposes because of the proximity to their home and other businesses

that they frequent as a patron, and intend to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months from the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

23. The Plaintiffs found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiffs encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wish to continue their patronage and use of the commercial premises and businesses located therein.

24. The Plaintiffs have encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and the businesses located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the Defendant's businesses located within the Commercial Property have denied or diminished Plaintiffs' ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered their safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiffs, FABIOLA MUNOZ and CARLOS CUESTA, and others similarly situated.

25. Defendant, BAYSIDE MARKETPLACE, LLC., owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, BAYSIDE MARKETPLACE, LLC.is responsible for complying with the obligations of the ADA. Defendant, BAYSIDE MARKETPLACE, LLC owns and operates a businesses and place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The place of public

accommodation that Defendant, BAYSIDE MARKETPLACE, LLC., owns and/or operates are located at 401 Biscayne Blvd, Miami, Florida 33132.

26. Plaintiffs, FABIOLA MUNOZ, DOUG LONGHNI, and CARLOS CUESTA, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiffs desire to visit the Commercial Property and businesses located therein, not only to avail themselves of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure themselves that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that they and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

27. Defendant HAS discriminated against the individual Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

## COUNT I - ADA VIOLATIONS
## AS TO BAYSIDE MARKETPLACE, LLC

28. The Plaintiffs adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

29. Defendant, BAYSIDE MARKETPLACE, LLC, has discriminated, and continues

to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiffs encountered during their visit to the Commercial Property, include but are not limited to, the following:

A. <u>Parking and Exterior Accessible Route</u>

i. Bayside Marketplace has no van spaces available, violating Section 4.1.2 (5)(b) of the ADAAG Section 502 of the 2010 ADAS and preventing Plaintiffs and other disabled patrons safe unloading from vans.

ii. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, violating the Section 4.6 of the ADAAG and Section 502 of the 2010 ADAS and preventing Plaintiffs from safely accessing Bayside Marketplace without rest or assistance.

iii. Van spaces or approach routes at Bayside Marketplace lack proper vertical clearance (98"), violating Section 4.6 of the ADAAG and Section 502.5 of the 2010 ADAS and preventing Plaintiffs' access. Vertical clearance to garage parking < 86".

B. <u>Entrance Access and Path of Travel</u>

i. Accessible routes, from garage to Bubba Gump's area, at Bayside Marketplace have >3% cross slopes (>2%) violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating hazardous conditions for Plaintiffs.

ii. Accessible routes, from Bubba Gump's area, at Bayside Marketplace have 3.9% cross slopes (>2%), violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating hazardous conditions Plaintiffs.

iii. Accessible routes, in the garage area, at Bayside Marketplace, have >5% cross slopes (>2%), violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating

7

hazardous conditions for Plaintiffs.

iv. Accessible routes, through marketplace center, at Bayside Marketplace have >4% cross slopes (>2%), violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating hazardous conditions for Plaintiffs.

v. Accessible routes, through marketplace, at Bayside Marketplace have >6% cross slopes (>2%), violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating hazardous conditions for Plaintiffs.

vi. Accessible routes, through marketplace from Mambo's area, at Bayside Marketplace have >5% cross slopes (>2%) violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating hazardous conditions for Plaintiffs.

vii. Accessible routes, to Bubba Gump's area, at Bayside Marketplace have changes in level of >1" (>3/4") violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating hazardous conditions for Plaintiffs.

viii. Accessible routes, in garage area, at Bayside Marketplace have changes in level of 2" (>3/4") violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating hazardous conditions for Plaintiffs.

ix. Accessible routes at Bayside Marketplace have changes in level of >1" (>3/4") violating Section 4.3 of the ADAAG and Sections 402 and 403 of the 2010 ADAS and creating hazardous conditions for Plaintiffs.

x. Ramps at Bayside Marketplace lack compliant landings at top and bottom of each run (30" rise max) violating Section 4.8 of the ADAAG and Section 405 of the 2010 ADAS and endangering Plaintiffs. Changes of level within ramp landings and ramp run exceed 30 feet violating the ADAAG at time of construction.

xi. Curb ramps, route to public transit, at Bayside Marketplace contain excessive slopes of >13% (>8.33 %) violating Section 4.7 of the ADAAG and Section 406 of the 2010 ADAS and preventing Plaintiffs from safe unloading.

xii. Ramp or curb ramp, in the garage area, does not provide required edge protection where there is an excessive drop-off, violating Section 4.8.8 of the ADAAG and Section 405.9 of the 2010 ADAS and preventing safe use by Plaintiffs to access Bayside Marketplace.

xiii. Ramp or curb ramp, route to marketplace, does not provide required edge protection where there is an excessive drop-off, Section 4.8.8 of the ADAAG and Section 405.9 of the 2010 ADAS and preventing safe use by Plaintiffs to access Bayside Marketplace.

xiv. Garage Ramp at Bayside Marketplace is >6" in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

xv. Ramp at Bayside Marketplace, towards marketplace areas, is >6" in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

xvi. Gaps in path of travel areas of Bayside Marketplace are at elevator landings (>½"), violating Section 4.5.4 of the ADAAG and Section 302.3 of the 2010 ADAS.

C. <u>Access to Goods and Services</u>

i. Marketplace tables have table knee and toe space that is high and deep (27" min/17" min), violating Section 4.15 of the ADAAG and preventing use by Plaintiffs.

D. <u>Common Area Restrooms</u>

i. There are exposed pipes in restrooms at Bayside Marketplace, violating Section 4.19.4 of the ADAAG and causing safety issues for Plaintiffs.

ii. There are exposed pipes in restrooms at Bayside Marketplace, violating Section 4.19.4 of the

ADAAG and causing safety issues for Plaintiffs.

iii. Plaintiffs unable to use mirror due to bottom-reflecting surface 44" AFF (40" AFF max), violating Section 4.19 of the ADAAG and Section 603 of the 2010 ADAS.

iv. Plaintiffs cannot safely transfer to water closet at Bayside Marketplace due to a lack of clear floor space in violation of Section 604 of the 2010 ADAS.

v. Plaintiffs is unable to reach dispenser controls > 48" AFF (48" AFF max), which exceed limits in ADAAG and Section 308 of the 2010 ADAS.

vi. Grab bars side grab bar extends 50" from rear wall do not comply with Section 4.26 of the ADAAG and Sections 604 and 609 of the 2010 ADAS, creating a hazardous condition for Plaintiffs.

vii. Grab bars and/or transfer space not provided in the stall, violating Section 4.17 of the ADAAG and endangering the Plaintiffs.

viii. Mounted items 9" above grab bar (12" min), violating Section 4.26 of the ADAAG and Section 609 of the 2010 ADAS and preventing use by Plaintiffs.

## **RELIEF SOUGHT AND THE BASIS**

30. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiffs request an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs, FABIOLA MUNOZ, DOUG LONGHINI, and CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Businesses and businesses located within the Commercial Property; Plaintiffs request to be physically present at

such inspection in conjunction with Rule 34 and timely notice. Plaintiffs request the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

31. The individual Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's building(s), businesses and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiffs request the inspection in order to participate in crafting a remediation plan to address Plaintiffs' request for injunctive relief.

32. Defendant has discriminated against the individual Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR 36.302 *et seq*. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services.

33. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiffs and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiffs requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

35. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates their businesses, located at and/or within the commercial property, located at 401 Biscayne Blvd, Miami, Florida 33132, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the

facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, the Plaintiffs, FABIOLA MUNOZ, DOUG LONGHIINI, and CARLOS CUESTA, respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 29, 2023

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
dramos@lawgmp.com

By:  */s/ Anthony J. Perez*  
       ANTHONY J. PEREZ
       Florida Bar No.: 535451
       BEVERLY VIRUES
       Florida Bar No.: 123713